IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Cr. No. 3:04-119 (CMC) |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Kenneth Lamont Brooks, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's letter, received May 22, 2013, inquiring about the applicability to his case of a recent decision of the Sixth Circuit Court of Appeals, *United States v. Blewett*, __ F.3d __, 2013 WL 2121945 (6th Cir. May 17, 2013). In *Blewett*, a divided panel of the Sixth Circuit Court of Appeals found that the relief available under the Fair Sentencing Act of 2010 is retroactively applicable to all defendants currently serving federal sentences based upon "crack" cocaine, regardless of when convicted or sentenced. The court has construed Defendant's motion as a motion to reduce sentence pursuant to *Blewett*.

To the extent this is a properly-filed motion to reduce sentence, this court is bound to apply the law as interpreted by the Supreme Court of the United States and the Fourth Circuit Court of Appeals. Accordingly, the opinion in *Blewett* is not binding on this court. Additionally, in *United States v. Allen*, __ F.3d __, 2013 WL 1777564 (4th Cir. Apr. 26, 2013), the Fourth Circuit Court of Appeals acknowledged that the FSA is applicable to all defendants sentenced *after* the enactment of the FSA. __ F.3d. at __, 2013 WL 1777564 *7.

Defendant was not entitled to relief under Amendment 750 to the Guidelines because the amount of "crack" cocaine for which he was held accountable at sentencing was over 8.5 kilograms. Therefore, even if the relief provided by the FSA was somehow retroactively available to a defendant

1

convicted and sentenced prior to the enactment of the FSA, Defendant would not be entitled to relief.

Defendant's letter, construed as a motion to reduce sentence (and to the extent this court has the authority to entertain such a motion[1]) is **denied**.

**IT IS SO ORDERED**.

                          s/ Cameron McGowan Currie
                          CAMERON McGOWAN CURRIE
                          UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 24, 2013

---

[1] Pursuant to *United States v. Goodwyn*, 596 F.3d 233, 236 (4th Cir. 2010), "the clear intent of § 3582 is to *constrain* postjudgment sentence modifications . . . ." Section § 3582(c) "gives a district court one—and only one—opportunity to apply the retroactive amendments and modify the sentence." *United States v. Mann*, 435 F. App'x 254, 254 (2011) (citing *Goodwyn*, 596 F.3d at 236); *see also United States v. Redd*, 630 F.3d 649, 651 (7th Cir. 2011). Defendant previously filed a motion for relief under Amendment 750 which was denied. If therefore considered as a motion for reconsideration of that denial, this court is without jurisdiction to entertain such a motion under § 3582(c).